[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12526
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00326-LC-CJK

DANA G. SMITH,

                                                Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 9, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Dana Smith, a Florida state prisoner proceeding *pro se*, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Smith sought federal habeas corpus relief based on alleged ineffective assistance of his state trial counsel for failing to seek admission of exculpatory evidence.  After careful review, we affirm.

## I.

Smith was arrested and indicted in 2007 for the murder of his half-brother. He was tried by a jury in March 2009.  At trial, three eyewitnesses testified that Smith came to the carport of the victim's home, where the victim and the witnesses were talking and drinking, early in the morning hours of August 10, 2007.  Smith, who was drinking from a clear plastic cup, greeted everyone, and the conversation continued.  At some point, the victim told Smith that "his girl" had been calling and that she wanted Smith to "get his butt home."  Smith pulled out a gun and shot the victim.  He then walked away towards his car, which he parked two houses down from the victim's home.

Smith was found guilty and convicted of first-degree premeditated murder. He was sentenced to life imprisonment without the possibility of parole.  His conviction was affirmed on direct appeal, and he then moved for post-conviction relief under Rule 3.850, Fla. R. Crim. P., alleging that his trial counsel was

2

constitutionally ineffective for failing to admit as evidence the negative results of a gunshot-residue test performed on him after the shooting.

The state court denied Smith's Rule 3.850 motion without holding an evidentiary hearing. The court stated that the gunshot-residue test results would not have proven his innocence because he testified at trial that he took a bath on the night of the shooting, so any residue would have "washed away in the bath." Further, the court stated, the state persuasively commented at trial that, because Smith, the victim, and the witnesses were all in close proximity at the time of the shooting, the test results would not have been probative. The court concluded,

> [I]f counsel would have presented evidence that a gunshot residue test was performed on Defendant with negative results as he alleges, it would not have changed the outcome of the proceedings. The record reflects that defense counsel was aware of the gunshot residue tests performed on the witnesses, and the Court concludes that it is likely that counsel chose not to highlight the test allegedly performed on Defendant because it was not probative. This would have been a reasonable decision within counsel's professional judgment. As counsel was not deficient, and Defendant was not prejudiced by any inaction on counsel's part, Defendant is not entitled to relief.

The state court of appeals summarily affirmed the denial of his Rule 3.850 motion.

Smith then pursued habeas relief in federal courts under § 2254. In his § 2254 petition, Smith again contended that his trial counsel was ineffective for failing to admit the gunshot residue test results, and he argued that the state court's

3

denial of his Rule 3.850 motion was based on a misunderstanding of the trial testimony.  A magistrate judge found that the state court's determinations were not unreasonable and recommended that Smith's § 2254 petition be denied.  Over Smith's objections, the district court adopted the magistrate judge's recommendation, denied Smith's § 2254 petition, and denied a certificate of appealability ("COA").

Smith now brings this appeal, for which a judge of this Court issued the following COA: "Whether the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), or made unreasonable findings of fact in its conclusion that defense counsel was not ineffective for failing to move to admit evidence of the gunshot residue test results."

## II.

On appeal from a district court's denial of habeas relief, we review questions of law and mixed questions of law and fact *de novo*, and we review findings of fact for clear error.  *Burgess v. Comm'r, Ala. Dep't of Corr.*, 723 F.3d 1308, 1315 (11th Cir. 2013).  Whether counsel is constitutionally ineffective is a mixed question of law and fact reviewed *de novo*.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).

## III.

4

Because Smith filed his § 2254 petition after April 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA'"). Under the AEDPA, we may not grant federal habeas relief on claims that were previously "adjudicated on the merits in State court proceedings" unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In short, under the AEDPA, we "ordinarily defer to both the state court's legal and factual determinations." *Jones v. Walker*, 540 F.3d 1277, 1288 (11th Cir. 2008) (*en banc*).

But "this Court is not bound to defer to unreasonably-found facts or to the legal conclusions that flow from them." *Id.* at 1288 n.5. Where a petitioner can meet the requirement of § 2254(d)(2) by showing that the state's decision was based on an unreasonable factual determination, we will review the petitioner's claim *de novo*, without deference to the state court's decision. *Id.* at 1288 & n.5; *see Cooper v. Sec'y, Dep't of Corr.*, 646 F.3d 1328, 1353 (11th Cir. 2011) ("When a state court unreasonably determines the facts relevant to a claim, we do not owe the state court's findings deference under AEDPA, and we apply the pre-AEDPA *de novo* standard of review to the habeas claim." (internal quotation marks

omitted)).  A state court's determination of the facts is unreasonable only if no fairminded jurist could agree with the determination.  *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F.3d 1172, 1192 (11th Cir. 2013).

Here, the state court appears to have denied Smith's claim of ineffective assistance of counsel based, at least in part, on its finding that Smith showered on the evening of the shooting, so he would have washed away any gunshot residue. The testimony the state court references for that contention, however, reflects that Smith testified that he showered before the time of the shooting.  As a result, Smith contends, the state court's decision was based on an unreasonable finding of fact. Assuming that Smith has met his burden of showing that this factual finding was unreasonable, it is unclear to what extent the state court relied on this finding in determining that counsel "likely" made a strategic decision in not seeking to admit evidence of the results of the gunshot-residue test or in concluding that Smith suffered no prejudice.  In any case, even applying *de novo* review to Smith's ineffective-assistance claim, he has not shown that he is entitled to habeas relief based on counsel's failure to move to admit the negative gunshot-residue test results.[1]  *See Jones*, 540 F.3d at 1288.

---

[1] We also note that the state court appears to have applied a standard contrary to *Strickland* in assessing Smith's claim of ineffective assistance.  *See Lee*, 726 F.3d at 1192 ("A state court decision is 'contrary to' clearly established federal law if it applies a rule that contradicts the governing law set forth by the United States Supreme Court . . . ."). The state court stated that if counsel would have admitted the gunshot residue tests it "would not have

6

"Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrison v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011).  Under *Strickland*, Smith must make two showings. *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 928 (11th Cir. 2011).  First, he must show that counsel's performance was deficient.  *Id.*  Performance is deficient when it falls "below an objective standard of reasonableness" and is "outside the wide range of professionally competent assistance."  *Id.* (quoting *Strickland*, 466 U.S. at 688, 690, 104 S. Ct. at 2064, 2066).  Review of counsel's performance is "highly deferential," and we presume "that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2065.  To overcome this presumption, Smith must show that no competent counsel would have taken the same action as his counsel.  *Id.*

Second, Smith must show prejudice:  He must "show that, but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different—that is, our confidence in the outcome must be undermined by counsel's deficient performance."  *Id.* at 928-29.  "[I]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693, 104 S. Ct. at

---

changed the outcome of the proceedings," which is a higher standard than *Strickland*'s "reasonable probability" of a different result.  *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

7

2067.  Likewise, the question under *Strickland* is not "whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111, 131 S. Ct. at 791.  Instead, it must be "reasonably likely" that the result would have been different.  *Id.*, 131 S. Ct. at 792.  "The likelihood of a different result must be substantial, not just conceivable."  *Id.* at 112, 131 S. Ct. at 792.

"Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."  *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

As both the state court and the federal district court did, we take as true Smith's allegations that a gunshot-residue test was performed on him, that the results were negative, and that counsel was aware of the negative results at the time of trial.[2]  Defense counsel appeared to have pursued two strategies at trial: (1) highlight the shoddy police investigation into the shooting, including the failure to take gunshot-residue test on all the witnesses;  and (2) argue that Smith was not present at the time of the shooting and that the witnesses pointed the finger at him to cover up their own involvement.  Not moving to admit the negative gunshot-

---

[2] No evidentiary hearing was held in this matter, so we do not have the benefit of counsel's testimony on these points.  The state contends in its brief that a gunshot-residue test was taken from Smith, but the results were never analyzed.  However, this is not part of the state record before us, so we do not address this contention.

residue tests from Smith arguably bolsters the first strategy, but the results also would have supported Smith's contention that he was not the shooter. Given that the first strategy (shoddy investigation) is in service of the second (actually innocent), we find it difficult to accept that reasonable counsel would, as a matter of strategy, elect not to introduce exculpatory evidence.

In any case, even if we assume that counsel's performance was constitutionally deficient, Smith is not entitled to relief because he has not established prejudice. Smith contends that he was prejudiced by counsel's failure to introduce evidence of the allegedly negative gunshot-residue test results because the jury questioned whether there were gunshot-residue tests performed on Smith and, if so, what the results were. While the jury's question indicates that the failure to admit the tests "had some conceivable effect on the outcome of the proceeding," *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067, the prejudice prong of *Strickland* requires the petitioner to show that the likelihood of a different result was "substantial, not just conceivable." *Richter*, 562 U.S. at 112, 131 S. Ct. at 792.

We are not persuaded that Smith has met his burden of showing that counsel's deficient performance renders the guilty verdict in his case unreliable. At trial, the State's evidence included the following: (1) three eyewitnesses who testified that Smith was the shooter; (2) the testimony of Smith's cellmate who stated that Smith admitted shooting the victim and said that the only thing linking

9

him to the crime was a cup;  (3) a plastic cup recovered from the scene of the shooting with DNA on it that matched Smith's;  and (4) the testimony of the victim's neighbor, who testified that he called 911 when he heard gun shots and saw Smith's vehicle pull away from the scene as the police arrived.  The gunshot-residue test, while indirectly supporting Smith's alibi defense that he was not present for the shooting, does not directly refute any of this testimony and evidence.  Nor is it apparent that negative test results over six hours after the shooting would necessarily show that Smith was not the shooter.  In addition, the jury asked two other questions in the same note as the question about the test results, a fact that indicates that the jury was thoroughly evaluating the evidence, not that the test results would be dispositive.

Even if we assume that Smith has shown a "reasonable doubt might have been established if counsel acted differently," *Richter*, 562 U.S. at 111, 131 S. Ct. at 791, we cannot say that there is a "substantial" likelihood of a different result in view of the other evidence of Smith's guilt presented at trial.  *See id* at 112-13, 131 S. Ct. at 792.

Accordingly, we **AFFIRM** the denial of Smith's § 2254 habeas petition.